# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL DUANE DOOLITTLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1872** |
| **ST. TAMMANY PARISH JAIL, ET AL.** | **SECTION "I"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Michael Duane Doolittle, filed this civil action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Plaintiff, who was incarcerated at the St. Tammany Parish Jail when he filed this lawsuit, sued the St. Tammany Parish Jail, Captain Miller, and Deputy Davis. He stated his claim as follows:

> I completed a D.O.C. Good Time class called "Celebrate Recovery" here at the Jail. Last week the administrator took down the inmates names who completed the class. The man then turned the names into D.O.C. to receive time off of your sentence. 90 days for Celebrate Recovery. He did not turn my name in.[1]

---

[1] Rec. Doc. 3, p. 5.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

As part of its mandatory duty to screen the complaint pursuant to foregoing statutes, the Court ordered the Warden of the St. Tammany Parish Jail to provide copies of the records concerning the factual basis of plaintiff's claim.[2] Those records have been filed into this federal record.[3] For the following reasons, the Court finds that those records establish that plaintiff's factual

---

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

contentions are clearly baseless, and that his federal complaint, even broadly construed,[4] should be dismissed as frivolous.[5]

Among those records is an Unusual Occurrence Report completed on August 1, 2012, by Corporal Christopher Yoli. In that report, Yoli stated:

> On July 17, 2012 at approximately 1245, Cpl. Christopher Yoli #6104 was conducting his assigned duties in D-Building. Cpl. Yoli received a call via telephone from Dy. Marti Davis #6008 to escort Inmate D-522 Doolittle, Michael to the chaplain's office. Dy. Davis also advised that the inmate needed to bring any and all proof that he had completed the "Celebrate Recovery" course.
> Cpl. Yoli entered D-500 and advised Inmate Doolittle to gather all documents proving he had completed "Celebrate Recovery." Inmate Doolittle advised Cpl. Yoli that the documents had been "taken in a shakedown." Cpl. Yoli escorted the inmate to the chaplain's office with no incident.
> Once arriving in the chaplain's office, Dy. Davis asked Inmate Doolittle if he received a certificate of completion for the "Celebrate Recovery" class. Inmate Doolittle advised Dy. Davis that he never received a certificate of completion because of his late enrollment to the program. Cpl. Yoli advised Dy. Davis that Inmate Doolittle previously stated his proof of completion was taken in a shakedown. When asked about the conflicting statements, the inmate became silent. Dy. Davis advised the inmate that he did not appreciate being lied to, and asked Cpl. Yoli to escort the inmate back to D-500. Cpl. Yoli escorted Inmate Doolittle back to D-500 with no further incident.[6]

Also included within those records a letter from Brett Morgan, Prison Ministry Volunteer/Facilitator, to Deputy Marti Davis dated August 2, 2012. In that letter, Morgan states:

> This letter is in regard to my recollection of Good Time Credit that Inmate Michael Doolittle claims to have earned from the Celebrate Recovery Inside Class I facilitated in January, 2011 until it was finished August 4, 2011.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[5] Rec. Doc. 5

[6] Rec. Doc. 5-1, p. 12.

3

> As Michael was not in Dorm 500 where the class was taught until July 6, 2011, he was not eligible for any Participation Credit much less any Completion Credit. You should have a list I sent by email at the end of August, 2011 that provided the list of inmates that completed the six month curriculum, as well as, a list of those that were eligible for Participation Credit for a period of time, but did not earn Completion Credit. Since his name is not on either list, that should provide further confirmation that he was not in the class long enough to accrue any Good Time Credit.
> It should be noted that ALL inmates that were eligible for Good Time Credit received either a Certificate of Completion or a Certificate of Participation from me personally a couple of weeks after the class was finished on August 4, 2011.
> That was the last class I facilitated due to medical issues and surgeries that made me unable to continue volunteering. I am not aware of any other Celebrate Recovery Inside classes being facilitated after I left.[7]

The Participation and Completion lists referenced in Morgan's letter are also contained in the records, and, as noted, do not in fact include plaintiff's name.[8]

This unrebutted evidence shows that plaintiff's factual allegation that he was entitled to credit for completing the "Celebrate Recovery" class is clearly baseless. Therefore, he is not entitled to any form of relief against the named defendants[9] because his underlying claim is frivolous.[10]

---

[7] Rec. Doc. 5-1, p. 14.

[8] Rec. Doc. 5-1, pp. 15-16.

[9] The Court additionally notes that the "St. Tammany Parish Jail" is not a proper defendant in any event. "The St. Tammany Parish Jail is a building, not a 'person' subject to suit under § 1983." Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, at *2 n. 2 (E.D. La. Mar. 8, 2010); see also Miller v. St. Tammany Parish Jail, Civ. Action No. 08-4694, 2008 WL 5111146, at *2 n. 3 (E.D. La. Dec. 4, 2008); Williamson v. Louisiana, Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov.24, 2008); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008).

[10] The Court further notes that, even if plaintiff's claim was not otherwise frivolous, he is not entitled to the relief sought. In his prayer for relief, he requested $5,000.00 in damages. However, federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because plaintiff suffered no such physical injury, he is barred from asserting claims for compensatory damages. See, e.g., Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005) ("We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."). Further, although § 1997e(e) does not bar an award of punitive damages, see, e.g., Hutchins v. McDaniels, 512 F.3d 193, 197-98 (5th Cir. 2007), the United States Fifth Circuit Court of Appeals has explained:

> [P]unitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. The latter standard requires recklessness in its subjective form, i.e. a subjective consciousness of a risk of injury or illegality and a criminal indifference to civil obligations.

Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003) (quotation marks and footnote omitted). Plaintiff's allegations are clearly insufficient to warrant an award of punitive damages in this case.

Plaintiff also arguably requested injunctive relief. However, the records indicated that plaintiff was scheduled to be released from incarceration on September 25, 2012, see Rec. Doc. 5-1, p. 4, and, in a telephone call placed by the Court on October 4, 2012, jail officials confirmed that plaintiff was in fact released. Accordingly, any request for injunctive relief is now moot.

Lastly, plaintiff requested a reduction in his sentence. Not only is that request also moot in light of his release, it could not have been granted in this § 1983 action in any event. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this twenty-fifth day of October, 2012.

                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.